**LEANO of Leone, Plaintiff**

v.

**LETI of Nuuuli, Defendant**

No. 27A-1949

## High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Poloa" of Leone]

October 26, 1949

A. A. MORROW, *Chief Justice;* and APE, *District Judge.*

DECISION

Heard at Fagatogo October 7 and 8, 1949.
Atofau for Leano; Save for Leti.

MORROW, *Chief Justice.*

The court granted a rehearing in this case since it was of the opinion that false testimony may have been given in behalf of the successful candidate, which testimony the losing candidate was in no position to refute at the time of the hearing. The testimony presented to the

court at the rehearing was different in a number of respects from that presented originally.

Both candidates are eligible to hold a matai title since each of them complies with the requirements for eligibility as prescribed in Sec. 926 of the Code.

Sec. 933 of the Code provides:

"In the trial of matai name cases, the High Court shall be guided by the following in the priority listed:

(a) The wish of the majority or plurality of the family;

(b) The forcefulness, character, personality and capacity for leadership of the candidate;

(c) The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail;

(d) The value of the holder of the matai name to the Government of American Samoa."

The original petition purporting to be signed by members of the family in behalf of Leano contained 113 names. It was supplemented at the rehearing by the addition of 55 names. Leti's petition contained 49 names. Leano claimed that 31 of the signers on Leti's petition were not members of the family. At the rehearing Leti claimed that 104 on the original list of 113 for Leano were not members of the family and that only 6 on the supplementary list of 55 belonged to it. We think that a considerable number on both petitions were not members of the family and that some names were written on each petition without authority of the persons purporting to sign. We do not regard it as necessary however, to decide the issue as to which candidate the majority of the family favor.

We think in the light of the testimony presented at the rehearing that Leti prevails over Leano on the issue of forcefulness, character and personality and capacity for leadership. Leti had experience extending over many years as the leader of the young men of Nuuuli. He has been a

foreman of various groups of workmen. He has plantations and an income of some five or six hundred dollars a year. He reached the sixth or seventh grade in a faifeau's school. He does not speak English. He is probably about 65 years old.

■ Leano is 34 years of age and the mother of six children. She has a seventh grade education and speaks English. She works on plantations, weaves mats, cuts copra, makes tapas. At the first hearing she testified that she had an income of $500 a month from her activities. On the rehearing she testified that her income was $100 a month. Needless to say that this discrepancy in her testimony affects the weight of her evidence. We think that we should consider the maxim "falsus in uno, falsus in omnibus" (false in one thing, false in all) in determining the weight to be given to Leano's testimony. "Under the maxim, Falsus in uno, falsus in omnibus, as strictly interpreted, if a witness testifies falsely as to any one material part of his testimony, his testimony should be discarded as a whole and cannot be relied on for any purpose whatever, unless strongly corroborated; but this rule is not inflexible, to be applied in all cases, and by the weight of authority the maxim is not a mandatory rule of evidence, but is rather a permissible inference that the jury may or may not draw, the general rule, recognized by statute in some jurisdictions, being that while the fact that a witness has willfully testified falsely as to a material matter in the case then under trial lays him open to suspicion and justifies a jury in rejecting all of his testimony except such part thereof as may be sustained by some evidence in corroboration of his statements, the jury are not required to do this, and may accept such of the witness' testimony as they deem proper notwithstanding his false statements, and in some jurisdictions it has been held that, if part of a witness' testimony is

found true, it cannot be disregarded entirely." 70 Corpus Juris Tit. Witnesses, Sec. 969.

Leti is the son of Poloa Neli and has one half Poloa blood in his veins. Leano is the great granddaughter of Poloa Fualemilo and has one eighth Poloa blood in her veins. It is apparent that Leti has the greater hereditary right to the name Poloa and prevails over Leano on the issue of best hereditary right.

As we have said many times in prior cases, the value of the holder of a matai name to the Government depends mostly upon his ability to look after the affairs of his family; and that ability in turn depends upon his forcefulness, character, personality and capacity for leadership. Leti has had a considerable amount of experience as a leader of men and this experience has extended over many years. The testimony at the rehearing gave us additional information bearing upon Leti's capacity for leadership. It is our conclusion from the evidence at the rehearing that Leti prevails over Leano on the issue of the value of the holder of the matai name to the Government.

In the case of *Mailo, Pua and Epati v. Faaliga Sii*, No. 21-1949 (Am. Samoa) we said "Under the statute, Sec. 933, supra, of the Code we must give more weight to the wish of the majority or plurality of the family than to the forcefulness, personality, character and capacity for leadership of the candidate. We must give less weight to the matter of hereditary right than to forcefulness, personality, character and capacity for leadership. We must give the least weight to the value of the holder of the matai name to the Government. However, we think it was the intention of the Fono that adopted what is now Sec. 933 that the wish of the majority or plurality of the family should not be given as much weight in awarding a matai name as the other three matters set out in the statute put together." In that case we awarded the matai name Tulifua to Epati

who prevailed over Pua on the second, third and fourth issues although Pua prevailed over Epati on the issue of the wish of the majority or plurality of the family. We applied this interpretation of the statute in the recent case of *Gi v. Maaele*, No. 26-1949 (Am. Samoa). Since we find that Leti prevails over Leano on the second, third and fourth issues it follows that we must award him the title regardless of which candidate prevails on the first issue.

Accordingly, it is ORDERED, ADJUDGED and DE-CREED that Leti shall be registered as the holder of the matai name Poloa of Leone. The Registrar of Titles be so advised.

Costs in the sum of $50.00 are hereby assessed against Leano, the same to be paid within 60 days.